STATE CONSOLIDATED OIL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20241.   Promulgated February 27, 1930.

*G. O. Carlson, C. P. A.,* and *Frank Mergenthaler, Esq.,* for the petitioner.

*J. L. Backstrom, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The petitioner abandons its attempt to prove a fair market price or value on March 1, 1913, of the McKittrick property greater than that of $75,000 determined by respondent, and we sustain that determination without discussion.

The respondent has conceded petitioner's claimed deduction of $351.20 for 1920 and $4,989.52 for 1921 as reasonable allowances for exhaustion, wear and tear of equipment, and the deficiency should in this respect be adjusted accordingly.

As to the disbursements made during the taxable years in drilling under the Dabney lease, we see no sufficient reason at this late date to order their deduction as ordinary and necessary expenses. Petitioner's accounting method was such that it was at liberty to and did treat them as accounts receivable, showing them on its balance sheet as assets, and in its returns it made no attempt to deduct them. The deduction is first claimed in amended returns and this petition. Even, therefore, if article 223, Regulations 45, were controlling (but see *Old Farmers Oil Co.*, 12 B. T. A. 203), as petitioner seems to contend, it had no such practice as would require the deduction under that article. Petitioner regarded these expenditures as an investment to be returned to it out of the fruits of the Dabney contract. Respondent adopted this treatment. There is no principle of law clear enough to require us to say that respondent's determination was in this respect incorrect.

*Judgment will be entered under Rule 50.*